UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD SULLIVAN III,

        Plaintiff,

v.                                    Case No. 3:21-cv-997-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.
_____

## OPINION AND ORDER[1]

### I. Status

Donald Sullivan III ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of back and neck injuries, an artificial spinal disc, generalized anxiety disorder, panic disorder, major depressive disorder, and obesity. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed January 14, 2022, at 83-84, 98, 228. Plaintiff protectively filed an application for DIB on July 30, 2019, alleging a disability onset date of

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed January 14, 2022; Reference Order (Doc. No. 14), entered January 18, 2022.

September 18, 2017.[2] Tr. at 204-05. The application was denied initially, Tr. at 83-95, 96, 115-21, 122, 124, and upon reconsideration, Tr. at 97-111, 112, 126-38, 139-41.[3]

On November 4, 2020, an Administrative Law Judge ("ALJ") held a hearing,[4] during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 33-77 (hearing transcript); see also Tr. at 113-14 (appointment of representative forms). On January 29, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-27.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by his counsel in support of the request, and a neuropsychological evaluation authored on November 2, 2020 by Rebecca Penna, Ph.D. See Tr. at 2, 4-5 (Appeals Council exhibit list and orders), 78-82 (Dr. Penna's evaluation), 198-200 (request for review), 317-19 (brief). On August 17, 2021, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On

---

[2] Although actually completed on July 31, 2019, see Tr. at 204, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as July 30, 2019, see, e.g., Tr. at 83, 97.

[3] Some of these cited records are duplicated in the administrative transcript.

[4] The hearing was held via telephone with Plaintiff's consent because of extraordinary circumstances caused by the COVID-19 pandemic. Tr. at 35-36.

October 6, 2021, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues generally that "the decision of the [ALJ] is not supported by substantial evidence." Memorandum in Support of Complaint (Doc. No. 18; "Pl.'s Mem."), filed March 29, 2022, at 8 (capitalization and emphasis omitted). On May 31, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-27. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 25, 2017, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: spine disorders, obesity, depression, anxiety, and attention deficit hyperactivity disorder (ADHD)." Tr. at 18 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can perform] light work as defined in 20 CFR [§] 404.1567(b) except he is limited to occupations allowing for a person to sit or stand alternatively, at will, provided an individual is within

> employer tolerances for off-task behavior; occasional climbing of ramps/stairs, but no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; frequent, bilateral handling (gross manipulation), fingering (fine manipulation), and feeling; and he must avoid concentrated exposure to hazards such as the use of moving machinery and unprotected heights. Work is limited to simple, routine, and repetitive tasks free of fast-paced production requirements involving simple work-related decisions and routine workplace changes. [Plaintiff] is limited to no interaction with the public and only occasional interaction with coworkers and supervisors.

Tr. at 21 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "User Support Specialist," and a "Systems Analyst." Tr. at 25-26 (some emphasis, capitalization, and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 26-27. After considering Plaintiff's age ("34 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 26, such as "Surgical Provence Inspector," "Routing Clerk," and "Gate Attendance." Tr. at 27 (some emphasis and capitalization omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from September 25, 2017, through the date of th[e D]ecision." Tr. at 27 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As indicated previously, Plaintiff generally raises a challenge that the ALJ's Decision is not supported by substantial evidence. See Pl.'s Mem. at 8-11. In discussing his argument, Plaintiff focuses on the RFC and the hypothetical to the VE, claiming they do not account for "the moderate limitations regarding understanding, remembering or applying information, interacting with others, and concentrating, persisting, or maintaining pace." Id. at 9. Plaintiff further contends the RFC and hypothetical do "not address moderate limitations as far as adapting or managing one's self" and everything that category includes. Id. at 10.[6]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). An ALJ poses a hypothetical question to a VE as part of the step-five determination of whether the claimant can obtain work in the national

---

[6] Plaintiff's counsel, an experienced attorney in social security disability appeals, does not provide any citations to the administrative transcript or to legal authority in his argument section (in other memorandum sections, he does cite the transcript some in reciting factual background and cites general legal authority about the applicable standard of review). See Pl.'s Mem. at 8-11. Counsel has been warned of the problematic nature of failing to provide specific citations to the record and not citing legal authority in support of his argument.

economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. Brunson v. Astrue, 850 F. Supp. 2d 1293, 1303 (M.D. Fla. 2011) (quoting Corbitt v. Astrue, No. 3:07-cv-518-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished)).

In determining an individual's RFC and later posing a hypothetical to a VE that includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating "the ALJ must consider a claimant's impairments in combination" (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984))). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)); see also Loveless v. Massanari, 136 F. Supp. 2d 1245, 1250 (M.D. Ala. 2001). While the hypothetical question must include all of the claimant's impairments, it need not include impairments properly rejected by the ALJ. See McSwain v. Bowen, 814 F.2d 617, 620 n.1 (11th Cir. 1987). Moreover, "questions that 'implicitly account[ ] for the claimant's limitations' are sufficient to meet this

requirement." Henry v. Comm'r, Soc. Sec. Admin., 802 F.3d 1264, 1269 (11th Cir. 2015) (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180-81 (11th Cir. 2011)); see also Thornton v. Comm'r, Soc. Sec. Admin., 597 F. App'x 604, 612 (11th Cir. 2015).

In Winschel, the United States Court of Appeals for the Eleventh Circuit found error in an ALJ's decision because the ALJ determined the claimant had "a moderate limitation in maintaining concentration, persistence, and pace" but "did not indicate that medical evidence suggested [the claimant's] ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical [to the VE]." 631 F.3d at 1179. According to the Eleventh Circuit, "the ALJ should have explicitly included the limitation in his hypothetical question to the [VE]." Id. Nevertheless, the Eleventh Circuit suggested that in other appropriate circumstances, an ALJ may properly find that the medical evidence of record supports only an RFC limitation of unskilled work despite moderate limitations in concentration, persistence, or pace. See id. (citations omitted) (collecting cases finding that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations").

Post-Winschel, the Eleventh Circuit (albeit in unpublished opinions) has recognized that a moderate limitation in concentration, persistence and pace can be sufficiently accounted for by posing a hypothetical to a VE that limits an individual to simple, unskilled work (or something similar) when the medical evidence demonstrates an ability to perform such work. See, e.g., Mijenes v. Comm'r of Soc. Sec., 687 F. App'x 842, 846 (11th Cir. 2017) (finding that "[b]ecause the medical evidence showed that [the claimant] could perform simple, routine tasks despite her limitations in concentration, persistence, and pace, the ALJ's limiting of [the claimant's RFC] to unskilled work sufficiently accounted for her moderate difficulties in concentration, persistence, and pace" (citation omitted)); Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 907-08 (11th Cir. 2013) (approving of a limitation to "simple, one-two step task[s with] only occasional contact with the public, coworkers, and supervisors" as accounting for moderate limitation in concentration, persistence and pace in light of opinions of two non-examining psychologists' opinions supporting the finding); Jacobs v. Comm'r of Soc. Sec., 520 F. App'x 948, 951 (11th Cir. 2013) (finding a limitation "to one to three step non-complex tasks" sufficiently accounted for moderate limitation in concentration, persistence, and pace); Washington v. Soc. Sec. Admin., Comm'r, 503 F. App'x 881, 883 (11th Cir. 2013) (finding a limitation "to performing only simple, routine repetitive tasks with up to three-step demands, and only occasional changes in the work setting,

judgment, or decision making" was sufficient to account for moderate limitation in maintaining concentration, persistence, and pace); Scott v. Comm'r of Soc. Sec., 495 F. App'x 27, 29 (11th Cir. 2012) (distinguishing Winschel and finding that "the medical evidence demonstrated that [the claimant] could engage in simple, routine tasks or unskilled work despite moderate limitations in concentration, persistence, and pace"); Jarrett v. Comm'r of Soc. Sec., 422 F. App'x 869, 871 (11th Cir. 2011) (finding that the limitations of simple tasks and only being able to concentrate for brief periods of time accounted for the claimant's moderate difficulties in concentration, persistence, and pace).

Here, the ALJ found Plaintiff "has moderate limitations" in each of the categories of mental functioning (understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself). Tr. at 19-20 (emphasis omitted). The ALJ discussed in detail the evidence supporting these findings. Tr. at 19-20. The RFC and the hypothetical posed to the VE limit Plaintiff to "simple, routine, and repetitive tasks free of fast-paced production requirements involving simple work-related decisions and routine workplace challenges" and "no interaction with the public and only occasional interaction with coworkers and supervisors." Tr. at 21 (emphasis omitted) (Decision); Tr. at 63-64 (hypothetical). Moreover, in finding at step five that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, the ALJ

identified jobs that are unskilled work. Tr. at 27 (citing all Specific Vocational Preparation ("SVP") level 2 jobs); see SSR 00-4p, 2000 WL 1898704, at *3 (stating "unskilled work corresponds to an SVP of 1-2"). The ALJ properly accounted for Plaintiff's moderate mental limitations through these findings. See, e.g., Winschel, 631 F.3d at 1179; Scott, 495 F. App'x at 29.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2.   The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on February 1, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record